

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2004

# Marwood v. Elizabeth Forward

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4584

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Marwood v. Elizabeth Forward" (2004). *2004 Decisions.* Paper 1021.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1021

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4584

LINDY MARWOOD

Appellant

v.

ELIZABETH FORWARD SCHOOL DISTRICT;
J. PAUL MUELLER; TIMOTHY PETTY;
WILLIAM BOUCHER; EDWARD CAMPBELL, JR.;
JOSEPH CONNOLLY; CAROL DRUGA; WILLIAM
GREENFIELD; LAURIE MACDONALD; STEVEN
RACZKOWSKI; LORI WOJCIK; JAY MCELRAVY;
JANET HAYMON; JENNIFER MELLITON

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No.  99-cv-01821)
District Court Judge: Honorable Donald E. Ziegler

Argued: October 24, 2003

Before: ALITO, FUENTES, and BECKER, Circuit Judges.

(Opinion Filed: February 5, 2004)

Edward A. Olds (argued)
1007 Mount Royal Boulevard
Pittsburgh, PA 15223

*Attorney for Appellant*

Suzanne B. Merrick (argued)
Gaitens, Tucceri & Nicholas, P.C.
519 Court Place
Pittsburgh, PA 15219

*Attorney for Appellees*

OPINION OF THE COURT

PER CURIAM:

As we write for the parties only, we do not extensively set out the background of this case. Lindy Marwood brought this suit against the Elizabeth Forward School District, J. Paul Mueller, Timothy Petty, William Boucher, Edward Campbell, Jr., Joseph Connolly, Carol Druga, William Greenwald, Laurie MacDonald, Steven Raczkowski, Lori Wojcik, Jay McElravy, Janet Haymon, and Jennifer Melliton (collectively hereinafter "EFSD"), alleging that EFSD violated her constitutional rights under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. Specifically, Marwood alleges that EFSD violated the First Amendment by retaliating against her because of her advocacy in favor of Learnball[1] outside the

---

[1] As the record indicates, Learnball is a teaching method of which Marwood is a fervent advocate.

classroom and that EFSD violated the Equal Protection Clause by disciplining her for her alleged use of Learnball in the classroom. The record shows that after Marwood admitted using Learnball in the classroom, EFSD terminated her employment, but this decision was rescinded. The District Court granted summary judgment for EFSD, and we affirm.

## I.

## A.

Marwood first argues that EFSD violated her rights under the First Amendment. Specifically, she claims that EFSD's reason for disciplining her for allegedly using Learnball in the classroom was to retaliate against her out-of-the-classroom advocacy for Learnball. A public employee's First Amendment retaliation claim is evaluated under a three-step test. First, the employee must establish that the activity in which she engaged was protected by showing that it involved a matter of public concern. See Baldassare v. New Jersey, 250 F.3d 188, 195 (3d Cir. 2001). After meeting this threshold, the plaintiff needs to demonstrate that her interest in the speech "outweighs the state's countervailing interest as an employer in promoting efficiency of the public services it provides through its employees." Id. If these two factors are established, the plaintiff must then show a causal nexus between the protected activity and the retaliatory action. See id. ("If these criteria are established, plaintiff must then show the protected activity was a substantial or motivating factor in the alleged retaliatory action."). Finally, the employer can rebut the claim by showing that it would have made the same decision regardless of the protected activity. Id.

Assuming that Marwood's advocacy of Learnball outside of school was protected conduct and that Marwood's interest in it outweighs EFSD's interest in promoting efficiency,[2] Marwood's claim must still fail. The record evidence simply does not support Marwood's contention that she was disciplined for the protected activity. In fact, everything in the record indicates that Marwood was disciplined for admitting to using banned techniques, i.e., Learnball, within the classroom. Marwood can point us to nothing that indicates that her advocacy was a substantial motivating factor in her discipline. Accordingly, the District Court's grant of EFSD's motion for summary judgment on this claim will be affirmed.

B.

Next Marwood argues that the District Court erred by granting EFSD summary judgment on her Equal Protection Clause claim. She alleges that EFSD violated her rights under the Equal Protection Clause by subjecting her to discipline. Specifically, she argues that she was treated differently than other similarly situated teachers in that she used the same classroom teaching techniques as they did but that she was disciplined because she described her teaching method as Learnball.

The Supreme Court has stated that a successful equal protection claim can be brought by a "class of one" where a "plaintiff alleges that she has been intentionally treated differently from others similarly situated" and there is no adequate basis for the

---

[2] EFSD's argues that Marwood did not even establish that she engaged in a protected activity. We, however, do not need to reach that question here.

disparate treatment.  <u>Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).  Where no

fundamental right is impinged and where no suspect classification is used, the difference

in treatment need only be rationally related to a legitimate state interest.  <u>See</u> <u>Cleburne v.

Cleburne Living Center, Inc.</u>, 473 U.S. 432, 440 (1985) (discussing the general rational

basis rule and noting the exceptions for fundamental rights and suspect classifications).

Under these standards, Marwood's equal protection claim fails.  First, nothing in

the record indicates that she was treated differently from other teachers who violated

EFSD's Classroom Management Techniques.  As Marwood has stressed, Learnball is a

package of classroom management techniques, some of which – for example, dividing the

students into teams – are not at all uncommon.  In response to a question, Marwood

admitted that she used Learnball in the classroom.  Marwood had not identified any

evidence in the record that any other teacher admitted using Learnball or that any other

teacher used the entire package of techniques that Learnball encompasses.  The mere fact

that some other teachers may have used some of those techniques does not mean that their

situation is entirely comparable to Marwood's.  As a result, EFSD had a rational basis for

treating Marwood differently.  Given all this, we affirm the District Court's grant of

summary judgment to EFSD on the Equal Protection Clause claim.

IV.

We have reviewed Marwood's arguments and see no grounds for reversal.

Therefore, we affirm the order of the District Court.[3]

---

[3] Judge Becker concurs with the understanding that, while EFSD's Classroom Management Techniques directive prohibited only a small fraction of the techniques comprising the Learnball system as set out in the Learnball Teamwork Handbook, Marwood has not created a genuine issue of material fact with respect to her assertion that EFSD disciplined her despite knowledge that her in-classroom practice of Learnball was limited to a fully permitted subset of Learnball techniques.